# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C<br>and SLING TV L.L.C., <br><br>   Plaintiffs,<br><br> v.<br><br>RICHARD MOY<br>and CLVPN LLC,<br><br>   Defendants. | §§§§§§§§§§§ | Case No. 1:24-cv-11284<br><br>**JOINT MOTION FOR AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>District Judge Edmond E. Chang<br>Magistrate Judge Beth W. Jantz |

   The parties agreed to a confidential settlement and request that the Court, to facilitate that settlement, enter an agreed final judgment and permanent injunction, as set forth in the proposed order filed with this motion. The parties state the following in support of this joint motion:

   1.  Plaintiffs filed this action on November 1, 2024, claiming that Defendants violated the Digital Millennium Copyright Act (17 U.S.C. §§ 1201(a)(2), 1201(b)(1)), and the Electronic Communications Privacy Act (18 U.S.C. §§ 2511(1)(c)-(d), 2520(a)), by trafficking in a streaming service that transmits Plaintiffs' television programming by circumventing Plaintiffs' digital rights management security technology. (Doc. 1.)

   2.  The parties entered into a confidential settlement in this case. Under that settlement, the parties have agreed to the Court's entry of a final judgment awarding statutory damages and a permanent injunction that enjoins Defendants from providing any infringing streaming service.

   3.  The permanent injunction is authorized by the DMCA (17 U.S.C. § 1203(b)(1)) and ECPA (18 U.S.C. § 2520(b)(2)). The statutory damages are authorized by the DMCA (17 U.S.C. § 1201(c)(3)(A)), which allows "an award of statutory damages for each violation of section 1201

1

in the sum of not less than $200 or more than $2,500 per act of circumvention, device, product, component, offer, or performance of service."

4. The statutory damages awarded in the parties' agreed judgment, $44,570,000, are calculated at a per violation amount that is less than $2,500, multiplied by a conservative estimate of the number of times that Defendants provided the streaming service to customers, as determined from Defendants' financial records.

5. Plaintiffs point out that similar damages calculations were applied in similar cases involving DMCA violations. *See DISH Network L.L.C. v. Manc, Inc.*, No. 24-cv-04745, Doc. 50 (N.D. Ill. Apr. 17, 2025) (granting summary judgment for DISH and awarding damages of $24.7 million under the DMCA, calculated at $2,500 for each sale of the infringing streaming service).[1]

6. The parties will bear their own attorney's fees and costs.

7. The parties request that the Court enter the agreed final judgment and permanent injunction, which resolves all claims in this case, as doing so will conserve judicial resources and allow the parties to avoid the expense and other burdens of continued litigation.

Dated: October 24, 2025

**FOR PLAINTIFFS:**

s/ Timothy M. Frank
Timothy M. Frank (*pro hac vice*)
Hagan Noll & Boyle LLC
820 Gessner, Suite 940
Houston, Texas 77024
Tel: (713) 343-0478
timothy.frank@hnbllc.com

**FOR DEFENDANTS:**

[signature page follows]

Richard Moy
10352 Leslie Lane
Chicago Ridge, Illinois 60415
moyrick@gmail.com

*Individually and as Manager of CLVPN LLC*

---

[1]*DISH Network L.L.C. v. Magembe,* No. 23-cv-01136, 2024 WL 4406948, at *4 (N.D. Tex. Apr. 26, 2024) (awarding $30 million for DMCA violations, calculated at $2,500 for each sale of the infringing service); *DISH Network L.L.C. v. Barcan,* No. 4:21-cv-2384, Doc. 33 (S.D. Tex. Aug. 11, 2023) (awarding $493 million for DMCA violations).

**LEWIN VERVENIOTIS LAW GROUP**
David M. Lewin
1112 South Salem
Arlington Heights, Illinois 60005
Tel: (312) 725-2084
dml@lewver.com

*Attorneys for Plaintiffs*

in the sum of not less than $200 or more than $2,500 per act of circumvention, device, product, component, offer, or performance of service."

4. The statutory damages awarded in the parties' agreed judgment, $44,570,000, are calculated at a per violation amount that is less than $2,500, multiplied by a conservative estimate of the number of times that Defendants provided the streaming service to customers, as determined from Defendants' financial records.

5. Plaintiffs point out that similar damages calculations were applied in similar cases involving DMCA violations. *See DISH Network L.L.C. v. Manc, Inc.*, No. 24-cv-04745, Doc. 50 (N.D. Ill. Apr. 17, 2025) (granting summary judgment for DISH and awarding damages of $24.7 million under the DMCA, calculated at $2,500 for each sale of the infringing streaming service).[1]

6. The parties will bear their own attorney's fees and costs.

7. The parties request that the Court enter the agreed final judgment and permanent injunction, which resolves all claims in this case, as doing so will conserve judicial resources and allow the parties to avoid the expense and other burdens of continued litigation.

Dated: October ___, 2025

**FOR PLAINTIFFS:**

_____
Timothy M. Frank (*pro hac vice*)
Hagan Noll & Boyle LLC
820 Gessner, Suite 940
Houston, Texas 77024
Tel: (713) 343-0478
timothy.frank@hnbllc.com

_____

**FOR DEFENDANTS:**

_____
Richard Moy
10352 Leslie Lane
Chicago Ridge, Illinois 60415
moyrick@gmail.com

*Individually and as Manager of CLVPN LLC*

---

[1] *DISH Network L.L.C. v. Magembe*, No. 23-cv-01136, 2024 WL 4406948, at *4 (N.D. Tex. Apr. 26, 2024) (awarding $30 million for DMCA violations, calculated at $2,500 for each sale of the infringing service); *DISH Network L.L.C. v. Barcan*, No. 4:21-cv-2384, Doc. 33 (S.D. Tex. Aug. 11, 2023) (awarding $493 million for DMCA violations).

2